UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM BLAKE,<br>CDCR #T77278,<br><br>                              Plaintiff,<br><br>v.<br><br>N. MORENO,<br><br>                              Defendant. | Case No.:  3:23-cv-02310-BTM-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 4];**<br><br>**(2) GRANTING MOTION TO FILE EXCESS PAGES [ECF No. 2];**<br><br>**(3) GRANTING MOTION TO FILE COMPLAINT BY U.S. MAIL [ECF No. 3]; AND**<br><br>**(4) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THE FIRST AMENDED COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

Tom Blake, a state prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Blake did not pay the civil filing fee, but did file a Motion to Proceed in Forma Pauperis ("IFP"). ECF No. 4. Blake has also filed a Motion

1

for Leave to File Excess Pages and a Motion for Leave to File Complaint By U.S. Mail. ECF Nos. 2–3. In her[1] Complaint, she alleges the Defendant violated her Eighth Amendment rights while she was incarcerated at R.J. Donovan State Prison ("RJD"). ECF No. 1. For the reasons set forth below, the Court grants Blake's IFP Motion [ECF No. 4], grants her Motion for Leave to File Excess Pages [ECF No. 2], grants her Motion for Leave to File Complaint By U.S. Mail [ECF No. 3], and directs the U.S. Marshal to effect service of her Complaint on Defendant Moreno.

**Motion to Proceed In Forma Pauperis [ECF No. 4]**

Parties instituting any civil action in a United States district court, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). A plaintiff may be granted leave to proceed IFP, however, pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] Blake uses the pronoun "she" in her Complaint, and therefore the Court also uses the pronoun "she" to refer to Blake.

[2] In civil actions except for applications for a writ of habeas corpus, civil litigants bringing suit must pay the $350 statutory fee in addition to a $55 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The $55 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*.

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85. A prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether the action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Blake has submitted a prison certificate and a trust account statement which show she had an available balance of $0.14 at the time of filing. *See id.*; ECF No. 5. Therefore, the Court **GRANTS** Blake's Motion to Proceed IFP (ECF No. 4), imposes no initial filing fee, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and forward them to the Clerk of the Court. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A. Standard of Review**

Because Blake is a prisoner, her Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam). Under this statute, the Court must sua sponte dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

1 | 2010) (discussing 28 U.S.C. § 1915A(b)).

2 |     "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (§ 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

    "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B. Blake's Allegations**

    Blake claims that on October 5, 2023, at approximately 8:00 or 9:00 p.m., she arrived at Facility C in RJD to get an address from a fellow inmate. ECF No. 1 at 3. Defendant Moreno opened the door to the facility and let Blake inside. *Id.* Shortly thereafter, Defendant Moreno told inmates that if they did not live in the rotunda area of Facility C, they had to leave. *Id.* Moreno then opened the door just enough for a person to slide through. *Id.* When Blake stepped through the door, Moreno closed it, crushing Blake and

injuring her wrist, face, and arm. *Id.* at 3–4.

**C. Discussion**

Blake has stated an Eighth Amendment claim against Moreno for excessive force. "[O]nly the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In the context of prison officials who are alleged to have used excessive physical force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6–7. "There is no legitimate need to use any force against an inmate who is neither violating prison rules nor reasonably believed to pose a security threat." *Stewart v. Ayala*, No.21-cv-9638 RGK (AS), 2023 WL 2993042, at *2 (C.D. Cal. March 8, 2023) (citing *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991)).

Here, Blake alleges Moreno was in the control booth when she arrived in the rotunda and opened the door for her and another inmate. ECF No. 1 at 3. Shortly thereafter, Moreno told inmates that they had to leave if they did not live in the rotunda. *Id.* Moreno opened the door and as Blake was exiting through the door, Moreno, who knew Blake was in the rotunda area and would therefore be leaving through the door in compliance, maliciously and sadistically closed the door on her, injuring her wrist, face, and arm. *Id.* This is sufficient to survive the "low threshold" set for sua sponte screening. *See Stewart*, 2023 WL 2993042, at *2 (plaintiff stated an Eighth Amendment claim by alleging defendant deliberately closed the cell door on plaintiff's head after plaintiff complied with defendant's direction to stick his head out of the door for a temperature check); *Springs v. Raber*, No. 21-cv-0862 MMA (AGS), 2021 U.S. Dist. LEXIS 172290, at *6 (S.D. Cal. 2021) (plaintiff stated an Eighth Amendment claim by alleging defendant, who was in the control booth, shut the cell door on plaintiff as he stood in the doorway).

**Motion for Leave to File Excess Pages [ECF No. 2]**

Blake moves for leave to file excess pages beyond the twenty-two page limit as directed by GO653. The Court **GRANTS** the motion.

**Motion for Leave to File Complaint via U.S. Mail [ECF No. 3]**

Blake asks the Court for leave to file her Complaint via the U.S. Mail instead of electronically, as required by GO653. The Court has accepted Blake's Complaint, which it received through the U.S. Mail, *see* ECF No. 6, and therefore **GRANTS** the motion.

**Conclusion and Order**

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from her account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **GRANTS** Plaintiff's Motion for Leave to File Excess Pages (ECF No. 2).

5) **GRANTS** Plaintiff's Motion for Leave to File Complaint by U.S. Mail (ECF No. 3).

6) **DIRECTS** the Clerk to issue summonses as to Plaintiff's Complaint (ECF No. 1) upon Defendant N. MORENO and forward them to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Plaintiff with certified copies of this Order, a certified copy of her Complaint, and the summonses so that she may serve the Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where Defendant may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying her IFP package.

7) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant N. MORENO as directed by Plaintiff on the USM Form 285 provided, and to file executed waivers of personal service upon Defendant N. MORENO with the Clerk of Court as soon as possible after their return. Should Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint, and request for waiver was mailed to the Defendant, and indicate why service upon the party remains unexecuted. All costs of that service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon the Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

8) **ORDERS** Defendant, once they have been served, to reply to Plaintiff's Complaint, and any subsequent pleading filed in this matter in which they are named as parties, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

9) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document she seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant or their

counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendant, may be disregarded.

**IT IS SO ORDERED.**

Dated:  January 11, 2024

Honorable Barry Ted Moskowitz
United States District Judge